■ In the Matter of the Claim of MARGARET WILLIAMS, Respondent, v. ALLIED TRADES UNION—LOCAL No. 18, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— MEMORANDUM BY THE COURT. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed July 23, 1968, awarding death benefits to the claimant. The board has found that the decedent sustained an industrial accident on January 18, 1965 causing a cerebral hemorrhage which resulted in his death on January 28, 1965. The board specifically found that the decedent had shoveled snow or removed ice from his employer's premises on the morning of January 18, 1965. The appellant contends that the record does not contain substantial evidence to support the finding that the decedent had shoveled snow or removed ice on that date. However, the appellants refer to hospital record entries that the decedent's fatal attack commenced while "he was shoveling snow". In *Matter of Tassillo* v. *Gilbert Carrier Corp.* (30 A D 2d 8, 10, mot. for lv. to app. den. 22 N Y 2d 645) this court noted that entries in hospital records made in the regular course of the hospital's business "containing information necessary to the diagnosis and treatment of the decedent's condition and containing information given by the decedent himself * * * [are] competent, probative evidence of the occurrence stated therein." The evidence introduced by the appellant which tended to show that the decedent had not shoveled snow or removed ice on January 18, 1965 merely created a question of fact for the board, and the board's decision is final. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by the court.