■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALLACE J. HOWARD, Appellant. — Appeal from a judgment of the County Court of Schenectady County, rendered October 22, 1979, upon a verdict convicting defendant of two counts of assault in the second degree and one count of unlawful imprisonment in the first degree. On November 28, 1978, defendant forced one Richard Rivera at gunpoint into his motor vehicle. He drove to a cemetery where he beat Rivera, knocking out two of his front teeth with the butt of a revolver. After defendant was indicted for two counts of first degree assault, unlawful imprisonment in the first degree and coercion in the first degree, he was assigned counsel. Four months later defendant requested and received a change of assigned counsel. Five months later, specifically on September 7, 1979, the date trial commenced, defendant requested new counsel. The trial court refused the request and the second assigned counsel drew the jury. On the next trial date, September 10, defendant appeared with retained counsel and the court permitted the attorney substitution. The trial proceeded to a verdict convicting defendant as aforesaid. On this appeal, defendant assigns as error (1) the admission of hospital records over his objection, (2) a denial of his constitutional right to assistance of counsel and (3) improper denial of his motions to dismiss. Defendant's contention that complainant's hospital records indicating the extent of his injuries should not have been received under the business records rule is without merit. CPLR 4518 (subd [c]), applicable to both criminal and civil cases *(People v Foster,* 27 NY2d 47), permits admission of hospital records when accompanied, as here, by appropriate certification of authenticity and such records are prima facie evidence of the facts contained therein. The statute places the burden of rebutting their authenticity upon the party who attacks them. There is nothing inherently unconstitutional about the placing of the burden on a defendant in a criminal case with respect to the authenticity of hospital records, since the burden of establishing guilt beyond a reasonable doubt remains with the prosecution (see *People v Leyva,* 38 NY2d 160, 170-171; *People v McCaleb,* 25 NY2d 394, 404). Their admission, despite their presumed authenticity, also depends upon the court's finding that they meet the three requirements of the general business record exceptions of CPLR 4518 (subd [a]). They did so herein. Next, we reject under the facts present here defendant's argument that he was denied effective assistance of counsel since his retained trial lawyer did not select the jury. The constitutional right to assistance of counsel *(People v Medina,* 44 NY2d 199, 207), cannot, however, be used by a defendant to delay trial or obstruct its progress *(People v De Chiaro,* 48 AD2d 54, cert den 423 US 894). When defendant's retained counsel appeared on the second trial date, the court, after permitting substitution, granted new counsel a 48-hour continuance after defendant's third lawyer explained to him that he might not be as effective as he hoped because he had not drawn the jury. Defendant freely chose to continue under these circumstances and cannot now be permitted to disturb the delicate balance that must be maintained between defendant's right to counsel and the effective administration of justice (see *People v Arroyave,* 49 NY2d 264, 271; *People v Crown,* 51 AD2d 588, 589). As to the denial of defendant's motion to dismiss the entire indictment, the record indicates that the ground asserted for dismissal is the failure of the People to prove that complainant suffered a serious physical

injury (Penal Law, § 120.05, subd 1). We conclude that the loss of two front teeth is a permanent and serious injury within the ambit of the Penal Law. Defendant's other contentions of error are meritless and require no discussion. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Mikoll and Herlihy, JJ., concur.