◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY SINGLETON, Appellant.

Viewing the evidence adduced at trial in the light most favorable to the prosecution we find that it was legally sufficient to support his conviction for assault in the second degree *(see, People v Contes,* 60 NY2d 620). On this point, we reject the defendant's contention that the prosecution failed to present sufficient evidence to show that the complainant sustained

"physical injury" as a result of the assault *(see,* Penal Law § 120.05 [2]; § 10.00 [9]). The evidence established that during the assault, the defendant punched and kicked the complainant in the shoulder, ribs and legs. The complainant received medical treatment for his injuries immediately after the attack. As a result of the attack, the complainant's face was swollen, he had a black eye and he experienced sharp pains in his face and pain in his shoulder and rib cage. The complainant further stated that as a result of his injuries, he was in "a lot of pain" and he missed three weeks of work. This evidence was clearly sufficient to establish that the complainant sustained "substantial pain" as a result of the attack *(see,* Penal Law § 10.00 [9]; *People v Bogan,* 70 NY2d 860, *rearg denied* 70 NY2d 951; *People v Greene,* 70 NY2d 860; *People v Rojas,* 61 NY2d 726; *Matter of Philip A.,* 49 NY2d 198; *People v Talibon,* 138 AD2d 426). Moreover, upon the exercise of our factual review power, we are satisfied that the jury's verdict was not against the weight of the evidence (CPL 470.15 [5]).

We further conclude that the trial court did not err in admitting the complainant's unredacted hospital records into evidence pursuant to the business records exception to the hearsay rule *(see,* CPLR 4518). These records, including the portion thereof which indicated that the complainant had been "hit in face", was relevant to the diagnosis and treatment of the complainant's injuries *(see, People v Jackson,* 124 AD2d 975, *lv denied* 69 NY2d 746).

Finally, we note that the defendant's challenge to the prosecutor's summation remarks was not raised at trial and thus has not been preserved for appellate review (CPL 470.05 [2]). In any event, we conclude that the prosecutor's summation remarks were not improper *(see, People v Ashwal,* 39 NY2d 105). Mollen, P. J., Mangano, Bracken and Lawrence, JJ., concur.