■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GOODE, Appellant

Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction of assault in the second degree (Penal Law § 120.05 [2]). At trial, the complainant testified that immediately after he was punched by the defendant, he saw that the defendant was holding a printer's guide inside his fist. The jury could properly conclude that the printer's guide, a solid metal cylindrical object measuring approximately two inches in length and weighing about one and one-half pounds, which was used to reinforce the impact of the fist blow, was "readily capable of causing serious physical injury" and, thus, was a "dangerous instrument" pursuant to Penal Law § 10.00 (13) *(see, People v Galvin,* 65 NY2d 761, 762; *People v Carter,* 53 NY2d 113, 116). Furthermore, there was legally sufficient evidence to support the jury's finding that the complainant suffered "physical injury" since the complainant's vision in his left eye was impaired as a result of the assault *(see,* Penal Law § 10.00 [9]; *People v Murray,* 156 AD2d 722; *People v Lundquist,* 151 AD2d 505; *People v Singleton,* 140 AD2d 388).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). While there were certain inconsistencies in the testimony of the complainant, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

The trial court did not err in admitting, pursuant to the business records exception to the hearsay rule *(see,* CPLR 4518), that portion of the complainant's hospital records indicating that the complainant had "[c]laimed he was hit with a fist, and there was a metal object in the fist". This statement was relevant to the diagnosis and treatment of the complainant's injuries *(see, People v Singleton, supra).* Any error in admitting other portions of the hospital record was harmless in view of the overwhelming evidence of the defendant's guilt *(People v Crimmins,* 36 NY2d 230).

The defendant's remaining contentions are either unpreserved for appellate review (CPL 470.05 [2]) or are without merit. Kunzeman, J. P., Harwood, Eiber and Balletta, JJ., concur.