■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERDELL CUNNINGHAM, Appellant. [649 NYS2d 629] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of assault in the first degree, defendant contends that reversal is required because hearsay testimony of two police officers bolstered the victim's testimony. We disagree. The testimony of the officers, elicited on redirect examination, was permissible because defense counsel's cross-examination of the officers opened the door to that testimony (*see, People v Johnson,* 224 AD2d 635, *lv denied* 88 NY2d 849). The testimony of one of the officers that, based upon his

conversation with the victim, he described in his paperwork how the victim came to be bleeding does not constitute bolstering. We agree with defendant that the direct testimony of one of the officers that he sent a radio broadcast identifying defendant as the suspect based upon conversations with the victim constitutes bolstering (*see generally, People v Holt*, 67 NY2d 819, 821; *People v Trowbridge*, 305 NY 471, 477-478; *People v Stanley*, 185 AD2d 827, 828, *lv denied* 80 NY2d 977). The error in admitting that testimony, however, is harmless in light of the victim's strong and clear identification testimony (*see, People v Mobley*, 56 NY2d 584, 585).

We reject the contention of defendant that County Court erred in permitting one of the officers to testify regarding the oral statements made to him by defendant (*see generally, People v Savage*, 50 NY2d 673, 680, *cert denied* 449 US 1016). Contrary to the assertion by defendant, he did not invoke his right to remain silent but agreed to speak to the officer and offered an exculpatory statement. (Appeal from Judgment of Monroe County Court, Maloy, J.—Assault, 1st Degree.) Present—Lawton, J. P., Wesley, Callahan, Davis and Boehm, JJ.