■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD SIMMS, Appellant. [665 NYS2d 185] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25), assault in the first degree (Penal Law § 120.10) and criminal possession of a weapon in the second degree (Penal Law § 265.03).

The contention of defendant that he was deprived of a fair trial by the improper bolstering of his identification by the victim, an ex-girlfriend, is not preserved for our review (*see,* CPL 470.05 [2]; *People v Love,* 57 NY2d 1023, 1025). In any event, the victim's testimony did not constitute improper bolstering. The statement of the victim to her friend that defendant shot her was made almost immediately after the attack. The similar statement of the victim to Officer Creta when he arrived at the crime scene also was made within minutes after the attack. Because those statements were made under "the stress of excitement caused by an external event", they fall under the excited utterance exception to the hearsay rule (*People v Edwards,* 47 NY2d 493, 497; *see, People v Nieves,* 67 NY2d 125, 135, *mot to amend remittitur denied* 67 NY2d 1028; Prince, Richardson on Evidence § 8-604 [Farrell 11th ed]).

Further, in view of the fact that the victim was semiconscious and thought she was going to die, her statements to Officer Creta while he drove her to the hospital and while she was being treated in the hospital "were not made under the impetus of studied reflection" (*People v Edwards, supra,* at 497; *see, People v Brown,* 70 NY2d 513, 520). The statements were admissible as excited utterances and did not constitute improper bolstering (*see, People v Buie,* 86 NY2d 501, 511; *People v Farrell,* 228 AD2d 693, 694, *lv denied* 88 NY2d 984).

Although the testimony of Officer Reitter that the victim told him four days after the attack that it was defendant who shot her and his testimony that Officer Creta gave him defendant's name at the hospital was improper (*see, People v Trowbridge,* 305 NY 471; *People v Morales,* 227 AD2d 648, 651, *lv denied* 89 NY2d 926), the error is harmless in light of the "clear and strong" identification of defendant by the victim and the other

evidence of defendant's guilt (*People v Mobley,* 56 NY2d 584, 586; *see, People v Crimmins,* 36 NY2d 230, 242; *People v Cunningham,* 233 AD2d 845, *lv denied* 89 NY2d 1091; *People v Wheaton,* 148 AD2d 931, 932, *lv denied* 74 NY2d 853).

Defendant also failed to preserve for our review his contention that the prosecutor improperly cross-examined defendant's alibi witness (*see,* CPL 470.05 [2]; *People v Dawson,* 50 NY2d 311, 324). In any event, the contention is without merit. Where, as here, the prosecutor lays a proper foundation, "there is nothing inherently improper about cross-examining a defense witness concerning his failure to come forward at an earlier date" (*People v Dawson, supra,* at 321).

We reject the contention of defendant that he was denied effective assistance of counsel. Defense counsel actively pursued pretrial discovery, raised an alibi defense at trial, vigorously cross-examined the People's witnesses and made effective opening and closing statements (*see, People v Satterfield,* 66 NY2d 796, 798-799; *People v Kroemer,* 204 AD2d 1017, 1018, *lv denied* 84 NY2d 828, 1012). Any error involving the introduction of hearsay evidence and in failing to object to inadmissible bolstering testimony "was at most a mistaken judgment as to trial strategy and cannot be characterized as ineffective assistance of counsel" (*People v Jackson,* 52 NY2d 1027, 1029; *see, People v Beaty,* 231 AD2d 909, *lv denied* 89 NY2d 919).

Finally, the contention of defendant that he was deprived of a fair trial because of cumulative error is without merit. (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.—Attempted Murder, 2nd Degree.) Present—Denman, P. J., Green, Balio and Boehm, JJ