OPINION OF THE COURT
Charles A. Posner, J.
The defendant Yvette Foster charged with assault in the third degree (Penal Law § 120.00 [1]), criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]), menacing in the second degree (Penal Law § 120.14 [1]) and harassment in the second degree (Penal Law § 240.26 [1]) moves to dismiss the underlying accusatory instrument on speedy trial grounds pursuant to CPL 30.30 (1) (b). At issue is whether an excited utterance which is made to or heard by a deponent and which is set forth in the factual allegations portion of a misdemeanor complaint may serve to convert the instrument into a valid information in the absence of a supporting deposition. As an ancillary issue, this court is called upon to decide whether a statement of readiness for trial which is conditioned upon whether the court deems an accusatory instrument to be a valid information is a permissible and sufficient indication of actual and present readiness as required by People v Kendzia (64 NY2d 331).
The defendant’s motion to dismiss is predicated on the argument that since the accusatory instrument was never properly converted to an information that no effective statement of readiness for trial could have been made. The motion arises from the following facts and procedural history. The defendant Yvette Foster was arrested at approximately 4:30 a.m. on February 9, 2001 on charges arising out of an alleged attack upon her boyfriend David Samuels. The defendant was arraigned later that day on the aforementioned charges specified in paragraph one. All of the charges are class A misdemeanors with the exception of harassment in the second degree which is a violation. At the defendant’s arraignment on February 9, 2001 a misdemeanor complaint was filed, the factual allegations of which read as follows: “Deponent is informed by David Samuels that, at the above time and place, the defendant did stab the informant in the head with a screwdriver thereby *627 causing the informant to sustain a laceration to the informant’s head, to suffer substantial pain, to fear further physical injury and to become alarmed and annoyed.” The complaint was signed by the deponent/arresting officer Joseph M. Nunes. The case was then adjourned to March 14, 2001. (This 33-day adjournment is chargeable to the People.)
On March 14, 2001 the People again were without a corroborating affidavit. The case was then adjourned to April 26, 2001. (This 43-day adjournment is chargeable to the People for an aggregate total of 76 chargeable days.)
On April 26, 2001 the People filed a superceding complaint. The charges were identical to those in the original complaint. The factual allegations, however, differed from those in the original and read as follows:
“The Deponent states that, at the above time and place, the deponent responded to a 911 call placed at 4:30 AM. The deponent states that deponent received a radio transmission of a family assault in progress at 4:35 AM and responded to the scene within five (5) minutes. The Deponent further states that deponent observed David Samuels sweating and in an excited state and that David Samuels informed deponent in sum and substance that Yvette Foster did stab David Samuels in the head with a screwdriver. Deponent further states that David Samuels was bleeding from a cut above his right eyebrow.”
To date, no supporting deposition from David Samuels has been filed.
The People assert that the statements of David Samuels, as set forth in the factual allegations portion of the superceding complaint, are excited utterances which, as exceptions to the hearsay rule, may serve to corroborate a complaint and form the basis of a valid information. The defendant contends that a corroborating affidavit from the complainant is required to convert the accusatory instrument into a valid information based on nonhearsay allegations and that the lack of said affidavit requires dismissal of the instrument on grounds of facial insufficiency pursuant to CPL 170.35 (1) (a) and 100.40 (1) (c). In addition to filing the superceding complaint at the April 26, 2001 calendar call, the assistant district attorney stated her position that the complainant’s excited utterance was sufficient to convert the superceding complaint into an information, and if the court so deemed it that the People would be announcing their readiness for trial. *628 The instant motion presents this court with three issues, namely, (1) whether the aforementioned superceding complaint, by virtue of incorporating the complainant’s purported excited utterance, qualifies as a jurisdictionally sufficient information, and if so (2) whether the complainant’s statements to the deponent/arresting officer, as contained in the factual allegations portion of the superceding complaint, satisfy the elements of an excited utterance, and (3) whether the assistant district attorney’s statements on the record on April 26, 2001 which declared the People’s readiness for trial, conditioned upon the court’s acceptance of the superceding complaint as a valid information, was a sufficient indicia of actual and present trial readiness. For the reasons which follow, this court answers all three of these questions in the affirmative.
The first tier of our analysis concerns whether a complainant’s excited utterance which is set forth in a misdemeanor complaint may serve as the basis of a valid information in the absence of a corroborating affidavit. It is axiomatic that for a defendant to be brought to trial on a misdemeanor charge, an information containing a verified statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges must be filed. (CPL 100.15 [3]; People v Dumas, 68 NY2d 729.) An information is facially sufficient if the factual part of the information provides reasonable cause to believe that the defendant committed the offenses charged in the accusatory part of the information and if nonhearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged (see CPL 100.40 [1] [c]; [4] [b]; and People v Alejandro, 70 NY2d 133 [1987]). At issue is whether a recognized exception to the hearsay rule satisfies the nonhearsay requirement for facial sufficiency purposes.
“Hearsay is defined in New York and in most jurisdictions, including the federal courts, as- an out-of-court statement that is offered to prove the truth of the matter asserted in the statement.” (Martin, Capra and Rossi, New York Evidence Handbook § 8.1 [1997]; People v Nieves, 67 NY2d 125; Fed Rules of Evid rule 801 [c].) Black’s Law Dictionary 726 (7th ed 1999) defines hearsay as “testimony that is given by a witness who relates not what he or she knows personally, but what others have said, and that is therefore dependent on the credibility of someone other than the witness.” At the trial level if evidence is hearsay, and no exception to the rule is applicable, the evidence must be excluded upon appropriate objection to *629 its admission. (Prince, Richardson on Evidence § 8-101 [Farrell 11th ed 1995].) “The deprivation of the right of cross-examination constitutes the principal justification for the hearsay rule.” (Prince, Richardson on Evidence § 8-102 [11th ed 1995], citing People v Settles, 46 NY2d 154, 166; 5 Wigmore, Evidence §§ 1361, 1362 [Chadboum rev ed].)
There are a number of recognized exceptions to the hearsay rule. In all of the exceptions there is, or there is thought to be, some circumstantial probability of reliability; that is, the conditions under which the statement was made are deemed such as to make its truthfulness highly probable. While the admissibility at trial of these recognized exceptions is well established, their use as vehicles by which to convert complaints in the absence of supporting depositions is less clear. In People v Alvarez (141 Misc 2d 686 [Crim Ct, NY County 1988]) it was noted that the “nonhearsay” required in CPL 100.40 has generally been construed to mean any evidence that would be admissible at trial. The court further noted that the use of hearsay exceptions in informations is implicitly authorized in the Criminal Procedure Law because otherwise we would have “[an] absurd result that the rules * * * [for making] an information are more stringent than those applicable to [criminal] trials and hearings” (at 688 [internal quotation marks omitted], citing People v Fields, 74 Misc 2d 109 [Dist Ct, Nassau County 1973], and Matter of Rodney J., 108 AD2d 307 [1st Dept 1985]; see People v Brensic, 70 NY2d 9; People v Arroyo, 54 NY2d 567).
An excited utterance, a statement made contemporaneously or immediately after a startling event is a recognized hearsay exception. “Underlying this exception is the assumption that a person under the influence of the excitement precipitated by an external startling event will lack the reflective capacity essential for fabrication, and, accordingly, any utterance he makes will be spontaneous and trustworthy.” (Richardson on Evidence § 8-604, citing People v Edwards, 47 NY2d 493.)
Although no appellate authority exists, several lower court decisions have upheld the use of an excited utterance as a vehicle by which to convert a complaint into a valid information (see People v White, NYLJ, July 30, 1999, at 26, col 4; People v Swinger, 180 Misc 2d 344 [Crim Ct, NY County 1998]). In People v Swinger (180 Misc 2d 344 [Crim Ct, NY County 1998]) it was held that statements of defendant’s wife to the responding police officer that defendant hit and beat her were admissible as “excited utterances” in defendant’s assault prose *630 cution where the complainant recanted her prior statements to the police and refused to testify. That case also held that statements made by a domestic violence victim to a hospital doctor are admissible in defendant’s assault prosecution under the business records exception to the hearsay rule (CPLR 4518 [a]). Swinger (supra) never precisely addressed whether an excited utterance contained in the factual allegations portion of a misdemeanor complaint could in and of itself serve to convert the accusatory instrument into a valid information. (The accusatory instrument in Swinger [supra] was a “misdemeanor information” and the facts do not indicate whether the complainant had ever filed a supporting deposition prior to her recantation.) Nonetheless, this court holds that an excited utterance made by a complainant to a police officer/deponent, as an exception to the hearsay rule, may serve in lieu of a supporting deposition, as the vehicle by which to convert a complaint to an information.
The next level of our analysis involves whether the defendant’s statement contained in the instant superceding complaint meets the threshold of an excited utterance. As previously stated an excited utterance is a spontaneous declaration, made contemporaneously or immediately after a startling event, which asserts the circumstances of that occasion as observed by the declarant (see People v Caviness, 38 NY2d 227, 231-232; People v Marks, 6 NY2d 67, 71-72, cert denied 362 US 912). “Whether a statement is admissible under this exception is a determination to be made in the first instance by the trial court after consideration of all the circumstances, including the physical, psychological, and emotional condition of the declarant.” (People v Cannon, 228 AD2d 513, 514 [2d Dept 1996]; People v Brown, 70 NY2d 513 [1987].) “In making the determination, the court must ascertain whether, at the time the utterance was made, the declarant was under the stress of excitement caused by an external event sufficient to still his reflective faculties, thereby preventing opportunity for deliberation which might lead the declarant to be untruthful.” (Prince, Richardson on Evidence § 8-605 [11th ed 1995].) “The lapse of time between the event and the statement is relevant only as it hears upon the question whether in the interval the declarant had a significant opportunity to reflect and fabricate. There is, in short, no arbitrary limitation on the permissible period between the event and the excited utterance” (Prince, Richardson on Evidence § 8-606 [Farrell 11th ed 1995] [internal quotation marks omitted], citing People v Edwards, 47 NY2d 493, *631 and People v Brown, 70 NY2d 513). While logic dictates that the longer the interim between the startling event and the alleged spontaneous or excited utterance, the greater the likelihood that the declarant had the opportunity to calmly reflect on his words, “[t]he key admissibility requirement for the excited utterance exception is that the statement must have been made while the declarant was under the influence of the startling event to which the statement relates.” (Martin, Capra and Rossi, New York Evidence Handbook § 8.3.3.2, at 799 [1997].) People v Swinger (supra) noted that the particular nature of domestic violence, namely abuse by a family member, would likely trigger an excited utterance.
In the instant case, the factual allegations set forth that the deponent/arresting officer responded to a 911 call which had been placed at 4:30 a.m., that he received a radio transmission of a family assault in progress at 4:35 a.m. and that he responded to the scene within five minutes. The factual allegations that further set forth that the deponent observed David Samuels (the complainant) sweating and in an excited state and that he informed the deponent that Yvette Foster (the defendant) stabbed him with a screwdriver. The defendant argues that the complainant’s statements do not rise to the level of an excited utterance because the injuries that the victim suffered were not grave and were not severe enough to cause the victim to suffer “uncontrollable domination of the senses.” (See People v Brown, 70 NY2d 513.) This court disagrees. A gash to the head caused by being stabbed in the head by a hard sharp metal object such as a screwdriver is an injury that would be startling and upsetting to any reasonable person. Furthermore, the factual allegations set forth that when the arresting officer arrived at the scene he observed David Samuels bleeding from a cut above his right eyebrow. The sight of blood, in and of itself, would be frightening to the vast majority of people. In addition, the 10 minute interval between the arresting officer’s receiving the 911 call and his arrival at the scene would not likely afford the complainant much opportunity for fabrication. Accordingly, we find that the statements of David Samuels, made to the arresting officer, namely, that the defendant Yvette Foster had stabbed him in the head with a screwdriver, is an excited utterance exception to the hearsay rule.
Since this court has determined that the instant accusatory instrument constitutes a valid information the last issue for our analysis is whether the People ever made an effective statement of readiness for trial. The People assert that at the April *632 26, 2001 calendar call they announced their readiness for trial. This court has obtained and reviewed the minutes of April 26, 2001. If so, then the People were ready for trial on the 76th day following the filing of the accusatory instrument, well within the 90-day period mandated by CPL 30.30 (1) (b). On the other hand, if the assistant district attorney’s remarks are not deemed be an effective statement of readiness, then the court papers indicate that the first statement of readiness was made on August 16, 2001 and the defendant’s motion to dismiss on speedy trial grounds would have to be granted.
In pertinent part, the following colloquy took place:
“people: Judge, at this time the People’s offer is a violation, steps program and limited order of protection. I am serving and filing a superceding complaint.
“the court: Information you mean.
“people: It was not converted the last date, I am sorry.
“the court: Is it an information?
“people: People would—
“defense counsel: It is not an information.
“people: People would be announcing ready for trial, I believe that we are converted.
“the court: Superceding information filed and served. There is no hearsay. Waive the readings of the rights and charges, enter a plea of not guilty?
“defense counsel: It is not an information, your honor. All it says is that it was an excited state of mind, he is informed it is a corrob.
“the people: I believe that the case law is clear that we can go forward on the excited utterance.”
At issue is whether the assistant district attorney’s aforementioned statements at the April 26, 2001 calendar call constitute an effective announcement of readiness for trial despite the fact that the words “ready for trial” were never affirmatively and unequivocally stated.
“ ‘[Rleady for trial’ in CPL 30.30 (1) encompasses two necessary elements. First, there must be a communication of readiness by the People which appears on the trial court’s record. * * * The second requirement * * * is that the prosecutor must make his statement of readiness when the People are in fact ready to proceed. The statute contemplates an indication of present readiness, not a prediction or expectation of future readiness.” (People v Kendzia, 64 NY2d 331, 337; see *633 also People v Hamilton, 46 NY2d 932, and People v Brothers, 50 NY2d 413.) In the instant case the statements of the assistant district attorney evince a conditional readiness, specifically a readiness for trial contingent upon the court’s determination that the accusatory instrument is a valid information. This court is of the opinion that those statements constitute a valid statement of readiness and that, in particular, the present readiness element required by Kendzia (supra) is satisfied.
In People v Wilson (86 NY2d 753, 753) the Court of Appeals held that the People’s statement, “we have been in contact with the victim. Our intentions are to go forward” was correctly determined by the prior courts to be a sufficient indication of the People’s readiness for trial. This court is of the opinion that the statement in Wilson is even more ambiguous than that in the instant case. In the instant case the assistant stated that the People “would be announcing ready” in contrast to Wilson (supra), the word “ready” was never stated. Accordingly, we are compelled by the holding in Wilson (supra) to find the statements of the assistant district attorney at the April 26, 2001 calendar call to be an effective announcement of readiness for trial. Moreover, it should be noted that in the instant case, the assistant district attorney adamantly argued that the excited utterance had served to convert the complaint into a jurisdictionally sufficient information. Accordingly, the defendant’s motion to dismiss the accusatory instrument pursuant to GPL 30.30 is denied.