OPINION OF THE COURT
Bentley Kassal, J.
The court, sua sponte, determined that a juror should be discharged from the trial jury, as unqualified, based upon the fact that the juror had fallen asleep approximately six times during the six days of the trial.
FACTS
Prior to today’s occurrence, the court had noticed that juror No. 10 had appeared to be asleep on at least four different occasions during the course of the presentation of evidence. Today, upon observing that the same juror had again fallen asleep, the court directed the jury to stand in place and to stretch. At the next recess, out of the jury’s presence, a statement was placed on the record to the effect that this juror had fallen asleep on four previous occasions as well as on this occasion and that this had not only been noticed by the court but by the other court personnel. It was announced to counsel that if this were to recur, an immediate hearing would be held and appropriate action taken under CPL 270.35.
Now, on this sixth occasion, a hearing was held outside the presence of the jury at which the juror, having been sworn as a witness, was asked certain questions by the court. He did acknowledge having fallen asleep on these *329 prior occasions and on the two occasions this date, and, upon being questioned about whether he had missed evidence, stated “I got most of it”.
After the witness had been excused, the court decided that based on these uncontroverted facts, this individual was not a qualified juror and the court, on its own motion, disqualified him. The juror was discharged and directed not to return to the jury room.
LAW
CPL 270.35, which pertains to the “discharge of juror”, sets forth various reasons for disqualification. Among those, applicable to this situation, are the inability to continue serving by reason of “incapacity” or that the “juror is grossly unqualified to serve in the case or has engaged in misconduct of a substantial nature”. There is a paucity of authority as to the type of misconduct or impropriety that is covered by these terms.
In United States ex rel. Moore v Fay (238 F Supp 1005, 1007) Judge Edward Weinfeld of the United States District Court stated: “The dereliction must be such that it may be said to deprive the parties of the continued objective and disinterested judgment of the juror, thereby foreclosing a fundamentally fair trial.” (Cited by Mr. Justice Harold Birns in People v Phillips, 87 Misc 2d 613, 626.)
It is apparent that this juror, not having heard all of the evidence, does not have the capacity to serve in this case and is therefore “grossly unqualified” by reason of such misconduct. In my judgment, after at least six known incidents, it would be unfair to have this juror sit and deliberate when it is clear that portions of the case that were not heard by him might be critical in the evaluation of the issues. This conduct does rise to the level of disqualification.