■ HERBERT SIEGAL, Respondent, v COHOES MUSIC HALL, INC., et al., Appellants. — Appeal (1) from an order of the Supreme Court at Special Term (Miner, J.), entered July 7, 1981 in Albany County, which granted plaintiff's motion for summary judgment against defendants Wilhelmina C. Amyot and John F. Kelly, and (2) from the judgment entered thereon. Order and judgment affirmed, with costs, for the reasons stated in the opinion of Mr. Justice Roger J. Miner at Special Term. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH LANDSKRONER, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered June 26, 1981, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree. Defendant raises two issues on this appeal. The first concerns the discharge of a juror by the court after summations pursuant to CPL 270.35, and the second relates to the alleged improper cross-examination by the prosecution of defendant's character witnesses. During the recess after summations, the court was advised by a police officer witness that he had arrested the forelady of the jury in 1970 for possession of LSD, but that she was thereafter acquitted of that charge. At an interview in chambers, the juror admitted the facts and stated she misunderstood the court's question on the *voir dire* when he referred to anyone being "accused of a crime", explaining that she thought the question referred to the conviction of a crime. A comparison of the minutes of the *voir dire* examination of all the jurors with the interview of the forelady of the jury in chambers after summation, supports the court's conclusion that the questioned juror should be disqualified and an alternate juror seated (CPL 270.35; see *People v Dupont,* 111 Misc 2d 328). Nor do we find any impropriety in the cross-examination of two of defendant's character witnesses concerning their knowledge of specific damaging rumors relating to defendant's conduct. The questions were in good faith founded upon specific named sources. As such they were a permissible means of attempting to impeach the witnesses' testimony or attack the credibility of that testimony (*People v Kuss,* 32 NY2d 436, 444, cert den 415 US 913; *People v Schwartzman,* 24 NY2d 241, 244, cert den 396 US 846; *People v Alamo,* 23 NY2d 630, cert den 396 US 879; Fisch, New York Evidence, § 178). Judgment affirmed. Mahoney, P. J., Kane, Casey, Mikoll and Weiss, JJ., concur.