■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY DOUGLAS TUCKERMAN, Appellant.—Harvey, J. Appeal from a judgment of the Supreme Court (Ellison, J.), rendered March 31, 1986 in Tompkins County, upon a verdict convicting defendant of the crime of assault in the third degree.

On May 26, 1985, 11-month-old Sheena Dunlop was admitted to a hospital in Tompkins County with severe bruises on her face. The attending physician testified that she had marked swelling and discoloration from behind her left ear extending to her face and left eye. She also had small bruises over her right forehead, her back and right thigh. Defendant, who cohabitated with the infant's mother, was the last adult to be alone with Sheena before her injuries were discovered. He was subsequently indicted for the crimes of assault in the second degree and endangering the welfare of a child. Defendant contended that the injuries were either caused by an accident or that Sheena's two young sisters, whose ages were 2 and 4, had inflicted the injuries upon the child. The jury found defendant guilty of the crime of assault in the third degree, a class A misdemeanor. He was sentenced to one year in jail. This appeal followed.

Defendant contends that Supreme Court erred in allowing the prosecution to introduce evidence relating to injuries he had previously inflicted upon Sheena's siblings. In cases involving the abuse of children, a defendant's prior conduct is relevant· to prove that the injuries were not accidental or caused by another individual (People v Kinder, 75 AD2d 34, 45). Admission of such evidence is "especially warranted * * * where the crime * * * occurred in the privacy of the home and the facts are not easily unraveled" (People v Henson, 33 NY2d 63, 72). Here, there was testimony that defendant had, on different occasions, struck one of Sheena's sisters with a belt leaving strap marks across her back; hit the child in the face, cutting her lip and leaving scratches on her face; and hit her hard enough to leave her with a bloody nose and a hand print on her buttocks. This evidence was essential to the prosecution's theory of the case and to disprove defendant's version. In weighing the probative value of the evidence against the potential for undue prejudice, we conclude that Supreme Court did not commit reversible error in deciding to

733

admit this evidence *(see, People v Sims,* 110 AD2d 214, 220-221, *lv denied* 67 NY2d 657).

Defendant also argues that he was denied a fair trial because the prosecution asked one of his witnesses whether she was aware that defendant had a prior conviction for assault in the third degree. Defendant's witness, Roxanne Lecoq, had testified that she believed that defendant treated children in a civil fashion and that she would allow defendant to baby-sit her children. The introduction of this evidence by defendant, which dealt with his reputation and character, opened the door for the prosecution to inquire in good faith whether this witness was aware of his prior conviction for assault *(see, People v Alamo,* 23 NY2d 630, 634, *cert denied* 396 US 879; *People v Landskroner,* 91 AD2d 755). Consequently, the admission of this evidence did not constitute reversible error.

Defendant's remaining contentions have been considered and found to be without merit.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.