■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN KILLINGSWORTH, Appellant.—Judgment unanimously affirmed. Memorandum: Upon our review of the record, we conclude that it was proper for the court to submit criminally negligent homicide (Penal Law § 125.10) as a lesser included offense of manslaughter in the second degree (Penal Law § 125.15 [1]; see, People v Glover, 57 NY2d 61, 63-64; People v Stanfield, 36 NY2d 467, 470). There is no merit to defendant's contention that the court erred in admitting evidence of defendant's prior conduct to negate the claim that death was caused by accident. The evidence was properly admitted because the defense of accident was raised in counsel's opening statement and in cross-examination of the People's witnesses by defense counsel who contended that death may have resulted from improper cardiac pulmonary resuscitation administered by defendant or others (see, People v Alvino, 71 NY2d 233, 248; People v Henson, 33 NY2d 63; People v Molineux, 168 NY 264, 293; People v Engler, 150 AD2d 827; People v Tuckerman, 134 AD2d 732; People v

*Kinder,* 75 AD2d 34). Finally, defendant was not denied a fair trial by remarks made by the prosecutor in summation. The only objection was to the prosecutor's remarks implying that defendant had a duty to testify. Defense counsel's objection was promptly sustained and a curative instruction given by the court. Hence, any prejudice was dissipated *(see, People v Ashwal,* 39 NY2d 105). With respect to the prosecutor's other challenged remarks, no objection was raised and, thus, any error was not preserved for review *(see,* CPL 470.15 [4] [a]). We decline to exercise our discretionary power to review because the challenged remarks were not so prejudicial as to deprive defendant of a fair trial *(see, People v Sim,* 53 AD2d 992, *affd* 44 NY2d 758). (Appeal from judgment of Onondaga County Court, Burke, J.—criminally negligent homicide.) Present—Dillon, P. J., Callahan, Doerr, Denman and Lowery, JJ.