◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW CRAWFORD, Appellant. [607 NYS2d 48] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered January 13, 1992, convicting

him of assault in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction for assault in the second degree is without merit. A person is guilty of assault in the second degree when that person intentionally causes serious physical injury to another person or a third party (see, Penal Law § 120.05 [1]). " 'Serious physical injury' means physical injury which * * * causes * * * serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]). Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. As a result of the defendant punching him and kicking him after he fell to the floor, the victim was bruised, suffered two chipped teeth and missed two weeks of work. Under the circumstances, a jury could reasonably conclude that the victim suffered serious and protracted disfigurement (see, People v Brown, 184 AD2d 856, 858; Matter of Patrick W., 166 AD2d 652; compare, People v Snipes, 112 AD2d 810, 811). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit (see, People v Hill, 176 AD2d 755). Mangano, P. J., Balletta, Santucci and Hart, JJ., concur.