◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK MACK, Appellant. [619 NYS2d 275] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered March 25, 1992, convicting defendant, after jury trial, of robbery in the first degree and robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 years and 5½ to 11 years, respectively, unanimously affirmed.

The People presented evidence that the 54 year old complainant suffered substantial abrasion injury to her neck caused by defendant pulling and twisting the complainant's

particularly thick gold neck chain, as well as less severe abrasion injuries to her elbow and ankle as defendant actually used the neck chain to pull the complainant to the ground and to drag her along the sidewalk. Additionally, when the thick chain finally broke, the complainant's head hit the concrete, causing head pain that continued for several days after the attack. The extent of the complainant's injuries was confirmed by police testimony and by photographs entered into evidence. Thus, despite the absence of specific testimony by the complainant as to the degree of pain suffered, the jury could reasonably infer that the complainant suffered substantial pain to support the conviction of robbery in the second degree (see, People v Rojas, 61 NY2d 726).

The trial court appropriately exercised its discretion in denying defendant's eleventh-hour motion for an adjournment to attempt to interview a potential witness, on the ground that defendant failed to show that the individual in question could offer material, noncumulative testimony favorable to the defense (see, Matter of Anthony M., 63 NY2d 270, 283-284). The trial court properly rejected defendant's alternative request for a missing witness charge, on the ground that there was no showing that the uncalled witness, theoretically available to both sides, was under the control of the prosecutor or could offer noncumulative evidence regarding the issues before the jury (People v Gonzalez, 68 NY2d 424). Concur—Ellerin, J. P., Kupferman, Williams and Tom, JJ.