■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SANTIAGO, Appellant. [634 NYS2d 72] —Judgment, Supreme Court, Bronx County (Vincent Vitale, J.), rendered March 18, 1992, convicting defendant, after a jury trial, of manslaughter in the first degree, criminal possession of a weapon in the second degree and assault in the second degree, and sentencing him to concurrent terms of 8 to 24 years, 2 to 6 years and $2^1/3$ to 7 years, respectively, and order, same court and Justice, entered December 2, 1994, which summarily denied his motion to vacate the judgment of conviction pursuant to CPL 440.10, unanimously affirmed.

Viewing the evidence in a light most favorable to the People and giving them the benefit of every reasonable inference (*People v Malizia*, 62 NY2d 755, 757, *cert denied* 469 US 932), the eyewitness testimony that the defendant, known to the eyewitnesses from the neighborhood, shot the victim multiple times in a courtyard below the witnesses' window, amply established defendant's guilt beyond a reasonable doubt. Minor inconsistencies in the testimony of the witnesses were properly placed before the jury for their consideration, and did not render the verdict against the weight of the evidence (*People v Aviles*, 182 AD2d 577, *lv denied* 81 NY2d 760).

The evidence was also sufficient to establish that one of the victims, whom defendant struck in the face with a gun, sustained "physical injury" within the meaning of Penal Law § 10.00 (9). In addition to the photographs of the victim's injury shown to the jury, there was testimony that the victim

developed "a big bruise on his face black and blue", that the blow made him "a little bit blind," and that even at the time of trial, 14 months later, the victim didn't "see so well". This evidence proved that the victim sustained an "impairment of physical condition", and permitted the jury to infer that he suffered "substantial pain" (Penal Law § 10.00 [9]; *see, People v Mack*, 210 AD2d 70, *lv denied* 85 NY2d 911; *People v Goode*, 179 AD2d 676, *lv denied* 79 NY2d 1001).

*People v Washington* (86 NY2d 189) is dispositive of the issue raised in defendant's motion to vacate judgment.

We perceive no abuse of discretion in sentencing. Concur—Murphy, P. J., Sullivan, Ross, Williams and Tom, JJ.