■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD CRUZ, Appellant. [699 NYS2d 889] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), rendered October 6, 1997, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the evidence was legally insufficient to establish that he intended to cause serious physical injury is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish his guilt beyond a reasonable doubt. The defendant initially punched the victim, causing him to fall to the ground. Thereafter, the victim got up and went to a nearby fire alarm box to try to summon help. When the victim returned, the defendant repeatedly punched

him in the face, despite the fact that the victim was bleeding from the ears, nose, and mouth. The victim finally fell to the floor, suffered a fractured skull, a frontal contusion, contusions on both sides of the brain and bleeding inside the brain. Under the circumstances, a jury could have reasonably concluded that the defendant intended to cause serious physical injury (*see, People v Martinez,* 224 AD2d 254, 255; *People v Crawford,* 200 AD2d 683, 684; *People v Delgado,* 167 AD2d 181, 182; *People v Figueroa,* 143 AD2d 767).

The defendant also failed to preserve for appellate review his contentions that the prosecutor's impeachment of the codefendant's witness, and the court's related jury instructions, violated the rule of *People v Dawson* (50 NY2d 311; *see, People v Douglas,* 248 AD2d 550). In any event, these claims are without merit.

The sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Ritter, Santucci and Florio, JJ., concur.