■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER D. WEST, Appellant. [708 NYS2d 478] —Spain, J. Appeals (1) from a judgment of the County Court of Clinton County (Ryan, J.), rendered October 30, 1998, upon a verdict convicting defendant of the crimes of assault in the second degree, attempted assault in the second degree and endangering the welfare of a child, and (2) by permission, from an order of said court, entered February 5, 1999 in Clinton County, which denied defendant's motion to vacate the judgment of conviction, without a hearing.

Following a jury trial, defendant was convicted of assault in the second degree, attempted assault in the second degree and endangering the welfare of a child based upon two incidents involving his then long-term girlfriend (hereinafter the victim) with whom he had a child. The assault in the second degree count involved defendant's alleged conduct in December 1995 when he threw a pair of scissors at the victim's head. The remaining counts stemmed from allegations that on November 9, 1997 defendant repeatedly punched the victim about her arms and head while she was holding their four-year-old daughter. Defendant was sentenced on each of his convictions to concurrent terms of 6 months' incarceration and 5 years' probation, to be served consecutively to sentences already being served. County Court denied defendant's CPL 440.10 motion to vacate the judgment based upon claims of, among other things, prosecutorial misconduct. Defendant now appeals the judgment of conviction and, by permission, the denial of his posttrial motion to vacate the judgment, raising a host of issues, only some of which merit discussion and none of which require disturbing his convictions.

Initially, we reject defendant's contention that it was an abuse of discretion for County Court to deny his motion to preclude the People from admitting photographs showing bruises on the victim's arms allegedly attributable to the 1997 assault, where the People did not provide them to the defense until the eve of trial. Defendant's omnibus motion requested production, pursuant to Brady v Maryland (373 US 83), of any photographs of the victim related to each of these incidents; the People responded at that time that no such material was known to exist, as they had in an earlier discovery response. When two days prior to trial the People disclosed that they had just been made aware of the existence of these photographs and provided them to the defense the day before the start of jury selection, defendant moved to preclude their introduction at trial under CPL 240.20 and 240.70 (1). County Court, find-

ing no evidence of prosecutorial bad faith in the delayed disclosure of the photographs and no prejudice to defendant, denied defendant's motion, allowing use of the photographs at trial.

Recognizing that defendant was entitled to production of the photographs in issue (see, CPL 240.20 [1] [d]), and assuming that they were potentially exculpatory as defendant has argued, the record supports County Court's finding that the prosecutor promptly provided the evidence to defendant upon its discovery, providing defendant with a meaningful opportunity to use the material at trial and, thus, his right to a fair trial was not compromised (see, People v Cortijo, 70 NY2d 868, 869-870; People v Brown, 67 NY2d 555, 559, cert denied 479 US 1093; People v Kelly, 270 AD2d 511; People v Saunders, 261 AD2d 718, 720, lv denied 94 NY2d 829; People v Brown, 166 AD2d 762, 763).

Similarly unpersuasive is defendant's claim that County Court abused its discretion in permitting the People to amend the bill of particulars more than once prior to trial to clarify the time frame during 1995 when the scissors incident occurred. The indictment specified that this assault occurred "during the Fall of 1995." Upon defendant's motion, County Court ordered the People to provide defendant with a bill of particulars. At the Huntley hearing, when the People indicated that they were unable to give an exact date for the incident but believed it occurred in September or October 1995, County Court amended the bill of particulars to specify that the incident in count one occurred in "September 1995." At a conference prior to jury selection, the People again amended the bill of particulars to indicate that the scissors incident occurred "sometime in early December, 1995," prompting the defense to move to dismiss that count. County Court denied that motion.

Upon our review, we perceive no error in County Court's allowing the pretrial amendments of the bill of particulars as within the requirements of CPL 200.95 (8). Notably, the amendments of the bill of particulars did not change the theory of the People's case and defendant neither requested an adjournment nor demonstrated any undue prejudice or prosecutorial bad faith (see, People v Jarvis, 215 AD2d 588, lv denied 86 NY2d 782; People v Kilgore, 168 AD2d 830, 830-831, lv denied 77 NY2d 962). Moreover, count one of the indictment sufficiently apprised defendant of the offense charged (see, People v Morris, 61 NY2d 290; People v Kilgore, supra) and the amendments to the bill of particulars did not constitute a

constructive amendment of the indictment (*see, People v Grega*, 72 NY2d 489; *People v Jarvis, supra,* at 588).

Further, viewing the evidence in a light most favorable to the People, we are satisfied that the People sufficiently proved beyond a reasonable doubt that defendant committed the offenses for which the jury convicted him (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Contes*, 60 NY2d 620, 621). The victim testified that in December 1995, after becoming upset with her, defendant threw the pair of scissors at her causing a laceration to the fourth finger on her left hand which she was using to shield herself. He thereafter chased her and stabbed her in the leg with the scissors. The cut on her finger resulted in a visible scar and she lost feeling to the tip portion of her finger which persisted as of the time of trial, two years and eight months later. Her family physician testified that he treated her approximately four days later and opined that she had sustained some nerve damage to her finger and that the injury was consistent with an injury inflicted by scissors. The foregoing evidence was legally sufficient to satisfy the People's burden of demonstrating that, using a dangerous instrument, i.e., a pair of scissors (*see,* Penal Law § 10.00 [13]; *People v Carter*, 53 NY2d 113, 116; *People v Williams*, 118 AD2d 609, *lv denied* 67 NY2d 953), defendant intentionally caused physical injury to the victim consisting of physical impairment to her finger (*see,* Penal Law § 10.00 [9]; § 120.05 [2]; *People v Guidice*, 83 NY2d 630, 636; *People v Tejeda*, 78 NY2d 936; *People v Santiago*, 221 AD2d 259, *lv denied* 87 NY2d 925; *People v Chesebro*, 94 AD2d 897; *cf., People v Jimenez*, 55 NY2d 895, 896; *Matter of Shawnell UU.*, 240 AD2d 947; *People v Oquendo*, 134 AD2d 203, *lv denied* 70 NY2d 959).

Further, the victim's testimony concerning the November 1997 incident, if credited, established that defendant repeatedly punched her in the head, placed his hands around her neck and choked her, dragged her by the hair and threatened to kill her. This caused bruises and cuts to her face, head, neck and arms. We find that the evidence was sufficient to allow the jury to find beyond a reasonable doubt that defendant intended to inflict serious physical injury on the victim (*see,* Penal Law § 10.00 [10]; § 120.05 [1]; *People v Bracey*, 41 NY2d 296, 299-301; *People v Wheeler*, 268 AD2d 448; *People v Cruz*, 267 AD2d 319; *People v Dosunmu*, 267 AD2d 320; *People v Askerneese*, 256 AD2d 34, *affd* 93 NY2d 884; *People v Crawford*, 200 AD2d 683, *lv denied* 83 NY2d 870) and that he engaged in conduct tending to effect such an assault (*see,* Penal Law § 110.00; *see also, People v Darrow*, 260 AD2d 928). Further, the testimony

describing defendant's protracted assaultive conduct in the second incident toward the victim while their child was being held by her or in close proximity provided sufficient evidence that defendant knowingly acted in a manner likely to be injurious to the child's physical and mental welfare (*see*, Penal Law § 260.10 [1]; *see also, People v Simmons*, 92 NY2d 829; *People v Malone*, 180 Misc 2d 744; *cf., People v Carr*, 208 AD2d 855).

We have examined defendant's remaining arguments concerning claimed trial errors and conclude that they are without merit or are unpreserved. Defendant's character witness was properly asked on cross-examination whether she had heard that defendant stole items from his landlady, where the witness had testified to defendant's reputation for honesty. The witness answered "no" to the question. The question tested the witness's credibility and the extent of her knowledge of defendant's reputation, without exploiting any of the details of the incident (*see, People v Kuss*, 32 NY2d 436, 443-444, *cert denied* 415 US 913; *People v Garrick*, 246 AD2d 478, *lv denied* 92 NY2d 852; *People v Tuckerman*, 134 AD2d 732; *People v Landskroner*, 91 AD2d 755). Importantly, the prosecutor did not seek to establish the truth or falsity of the report of that incident (*see, People v Kuss, supra*, at 443-444) nor did the prosecutor ever contend that the report came to the District Attorney directly from the landlady.

Further, we find no abuse of discretion in County Court's denial of defendant's mistrial motion premised upon the victim's single reference, which was elicited upon defense counsel's cross-examination, to defendant's having been asked in the past by a Judge to leave his apartment (*see, People v Stackhouse*, 226 AD2d 822, 824, *lv denied* 88 NY2d 995; *People v Birdsall*, 215 AD2d 878, 880, *lvs denied* 86 NY2d 840, 88 NY2d 933). Read in context, defense counsel was permitting narrative responses from the witness and the reference was responsive. Defendant's contentions regarding the prosecutor's summation are not preserved for review as defense counsel failed to register timely objections (*see*, CPL 470.05 [2]). In any event, defendant's claims that he was denied a fair trial are not supported by the record (*see, People v German*, 251 AD2d 900, 902, *lv denied* 92 NY2d 897). Also, to the extent the prosecutor may have referred to facts not in the record, the court properly and repeatedly instructed the jury that closing statements of counsel "are not evidence."

Finally, County Court properly denied defendant's CPL 440.10 motion to vacate the judgment. The prosecutorial misconduct claimed on the motion—primarily regarding the

cross-examination of defendant's character witness—sufficiently appeared in the trial record to permit appellate review thereof (see, CPL 440.10 [2] [b]). The remaining points raised by defendant on appeal are devoid of any merit.

Cardona, P. J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment and order are affirmed.