■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH A. LADUCA, Appellant. [738 NYS2d 800] —Appeal from a judgment of Ontario County Court (Doran, J.), entered June 16, 2000, convicting defendant after a jury trial of, inter alia, assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of assault in the second degree (Penal Law § 120.05 [3]), escape in the third degree (Penal Law § 205.05), resisting arrest (Penal Law § 205.30), petit larceny (Penal Law § 155.25), and false personation (Penal Law § 190.23), defendant contends that the conviction of assault in the second degree is not supported by legally sufficient evidence. Specifically, defendant contends that the evidence does not establish that the victim, a Deputy Sheriff, sustained physical injury within the meaning of Penal Law § 10.00 (9). We disagree. The evidence establishes that, while chasing defendant, who had fled from custody, and in struggling to arrest him, the victim sustained a scalp laceration, and abrasions on both knees and his left wrist. Also, while attempting to subdue defendant with pepper spray, the victim was sprayed in the face and eyes. He was treated in the hospital emergency room for his injuries. His laceration and abrasions were cleaned, his face and eyes were decontaminated by flushing with cold water, and eyedrops were administered. He testified that pepper spray burns a person's eyes and that a person sprayed with pepper spray can see only for "short periods of time." The medical records admitted in evidence indicate that the victim described the effect of the pepper spray on his eyes as being like "trying to eat chicken wings with them." The emergency room physician noted that the victim's eyes were "tearing significantly." Additionally, the victim's left knee was bruised and stiff for several days following the incident, making it difficult for the victim to enter and exit his police vehicle. He took over-the-counter medication for the pain in his knee for three

or four days after the incident, declining the offer of the emergency room physician for prescription pain medication because he was concerned that it might affect his work. That evidence, when viewed in the light most favorable to the People (*see, People v Williams,* 84 NY2d 925, 926; *People v Brown,* 231 AD2d 956, 957), is legally sufficient to establish that the victim sustained physical injury (*see,* Penal Law § 10.00 [9]; *see also, People v Conseillant,* 289 AD2d 1048; *People v Sullivan,* 284 AD2d 917, 917-918, *lv denied* 96 NY2d 942, 97 NY2d 658; *People v Carter,* 280 AD2d 977, *lv denied* 96 NY2d 860; *People v Mack,* 210 AD2d 70, 70-71, *lv denied* 85 NY2d 911; *cf., People v Colantonio,* 277 AD2d 498, 499-500, *lv denied* 96 NY2d 781). Present—Pigott, Jr., P.J., Pine, Hayes, Hurlbutt and Lawton, JJ.