■ The People of the State of New York, Respondent, v Jeffrey Audi, Appellant. [931 NYS2d 418]—

Spain, J.

On the evening of June 18, 2010 in the Town of Greenwich, Washington County, defendant drove his vehicle in an intoxi-

cated condition, arriving unannounced at the home of his former girlfriend, Sally Ducharme. She had ended their relationship earlier that week and returned all of his belongings, directing that he not return to her home without permission. Upon seeing her in her garden with a friend, David Lewis, who was a stranger to defendant, defendant charged at them and attacked Lewis without provocation. Defendant repeatedly punched Lewis in the head and shoulder area, kicked him in the ribs and started to choke him. Lewis managed to break defendant's chokehold and subdue him on the ground, while defendant continued to swing and thrash out, until police, summoned by Ducharme, arrived and handcuffed defendant. Lewis was transported by ambulance to a nearby hospital emergency room for medical treatment. Hours later, defendant was arraigned in Greenwich Town Court, which issued a no contact or communication order of protection in favor of Lewis and Ducharme. Despite being explicitly advised by the court that a telephone call to Ducharme would violate the order, defendant almost immediately violated that order by incessantly calling Ducharme at home that evening more than 20 times.

After a jury trial, defendant was convicted of attempted assault in the second degree and criminal contempt in the first degree; he was later sentenced, as a second felony offender, to a prison term of 2 to 4 years on the assault conviction, to be served consecutively to a $1\frac{1}{2}$-to-3-year term on the contempt conviction. Thereafter, defendant separately entered a guilty plea to felony driving while intoxicated (hereinafter DWI) for driving to Ducharme's residence while intoxicated, and he received a concurrent prison term of 1 to 3 years, waiving his right to appeal. Defendant now appeals from both judgments, which were consolidated for appeal.*

Initially, we reject defendant's challenges to the legal sufficiency and weight of the evidence. Attempted assault in the second degree requires the People to prove that defendant, "with intent to cause serious physical injury to another person" (Penal Law § 120.05 [1]; see People v Casey, 61 AD3d 1011, 1012-1013 [2009], lv denied 12 NY3d 913 [2009]), engaged in conduct tending to cause such injury (see Penal Law § 110.00; People v West, 271 AD2d 806, 808 [2000], lv denied 95 NY2d 893 [2000]). Serious physical injury is injury which "creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted

---

* As defendant raises no issue in his brief concerning the judgment entered upon his plea of guilty to DWI, that appeal is deemed abandoned and the judgment is affirmed.

loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]).

Viewing the evidence in a light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), and given the unrefuted testimony that defendant—unprovoked—repeatedly punched Lewis in the head and kicked him in the ribs and choked him, causing Lewis "extreme pain" and difficulty breathing, we find that defendant's intent to cause serious physical injury to Lewis was readily inferable (*see People v Booker*, 53 AD3d 697, 703 [2008], *lvs denied* 11 NY3d 853, 856 [2008]; *People v Foster*, 52 AD3d 957, 958 [2008], *lv denied* 11 NY3d 788 [2008]; *People v Bruno*, 47 AD3d 1064, 1066 [2008], *lv denied* 10 NY3d 809 [2008]; *People v West*, 271 AD2d at 808). The fact that Lewis, a sizeable man with considerable martial arts experience, was able to subdue defendant—who continued to earnestly attempt to further harm Lewis—did not undermine the compelling inference that defendant intended to cause him serious physical injury and engaged in conduct attempting to achieve that objective. This attempt crime did not require defendant's actual success in causing such serious physical injury (*see People v Koufomichalis*, 2 AD3d 987, 988 [2003], *lv denied* 2 NY3d 742 [2004]), only that he intended such injury and engaged in conduct directed at accomplishing that objective (*see People v Naradzay*, 11 NY3d 460, 466 [2008]; *People v Mahboubian*, 74 NY2d 174, 189 [1989]).

The medical testimony established that defendant's assault resulted in decreased oxygen to Lewis's lungs and concomitant difficulty breathing, a bruised or possibly fractured rib and an increased likelihood of pneumonia. But for Lewis's ability to stop the assault, serious physical injury could surely have resulted. In our view, the jury's verdict of attempted assault was supported by legally sufficient evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v West, supra*).

Likewise, viewing the evidence most favorably to the People, we find that they proved beyond a reasonable doubt that defendant committed criminal contempt in the first degree by repeatedly making telephone calls to Ducharme's residence in contravention of a valid order of protection made for her benefit, of which defendant had actual knowledge, with the intent to harass, annoy, threaten or alarm her, and with no legitimate purpose (*see* Penal Law § 215.51 [b] [iv]; *People v Soler*, 52 AD3d 938, 939-940 [2008], *lv denied* 11 NY3d 741 [2008]; *see also People v Contes, supra*). The testimony of the Town Justice who arraigned defendant, combined with that of the Sheriff's Deputy who arrested him after the assault, established that the or-

der was served on defendant in open court, he signed it and the court unequivocally orally advised him regarding its terms, including that it applied to and protected Ducharme and prohibited his telephoning her. The fact that Ducharme's name was, inadvertently, not recorded on the computer generated order provided to defendant did not preclude defendant's criminal contempt conviction, as "[n]otice of the contents of, and therefore of the conduct prohibited by, an order of protection may be given either orally or in writing" (*People v Clark*, 95 NY2d 773, 775 [2000], *affg* 262 AD2d 711 [1999]; *see People v McCowan*, 85 NY2d 985, 987 [1995]). The in-court advisements were more than adequate.

Further, while a different verdict would arguably not have been unreasonable, upon our independent review of the record in a neutral light, and giving deference to the jury's opportunity to observe the witnesses, we find that the jury gave the evidence its proper weight and was justified in finding defendant guilty on both counts (*see People v Bleakley*, 69 NY2d at 495; *People v Kruppenbacher*, 81 AD3d 1169, 1174-1175 [2011], *lv denied* 17 NY3d 797 [2011]).

Defendant lastly contends that County Court's imposition of consecutive prison sentences was harsh and excessive, in view of the fact that he has no violent criminal history and the convictions stem from his ongoing alcoholism and distress over the loss of an important relationship. The court was aware of the foregoing. While addiction may, in the appropriate case, be a mitigating factor, this incident resulted in defendant's fifth drunk driving arrest and his second felony DWI conviction, and occurred despite the fact that, over the years, he has been afforded multiple substance abuse counseling opportunities as well as drug court treatment and sentencing leniency with no prison time. We cannot conclude that the sentence was harsh and excessive (*see People v Dolan*, 51 AD3d 1337, 1341 [2008], *lv denied* 12 NY3d 757 [2009]).

The consecutive sentences were authorized and justified given that defendant's crimes were distinct and arose from separate acts (*see* Penal Law § 70.25 [2]; *People v Cortese*, 79 AD3d 1281, 1285 [2010], *lv denied* 16 NY3d 857 [2011]). Notably, defendant was not so intoxicated as to be unable to form the requisite intent (*see People v Becker*, 288 AD2d 766, 767 [2001], *lv denied* 97 NY2d 751 [2002]) and, after the assault, had ample opportunity to reflect on the consequences of his violent actions and to decide not to engage in further criminal behavior but, instead, embarked on a separate criminal course.

Peters, J.P., Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the judgments are affirmed.