■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN EVERETT, Appellant. [973 NYS2d 207]—

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered December 16, 2011, convicting defendant, after a nonjury trial, of assault in the second degree, and sentencing him to a term of two years, unanimously affirmed.

The verdict was based on legally sufficient evidence (*see People v Danielson*, 9 NY3d 342, 349 [2007]). The element of serious physical injury (Penal Law § 10.00 [10]) was established, because the victim's permanent loss of four front teeth constituted a protracted impairment of her health or protracted loss or impairment of the function of a bodily organ (*see People v Lanier*, 44 AD3d 547 [1st Dept 2007], *lv denied* 9 NY3d 1035 [2008]; *People v Howard*, 79 AD2d 1064 [3d Dept 1981]). Since the teeth are lost, the victim can never eat with them, notwithstanding that she has been fitted with a prosthetic device; accordingly, her loss is not just protracted, but permanent. While the fact that damage to an organ has been successfully repaired

may affect whether the injury qualifies as serious (*see e.g. People v Rosado*, 88 AD3d 454, 455 [2011], *lv denied* 18 NY3d 928 [2012]), this does not apply when the organ is permanently lost, irrespective of whether it is replaced by a prosthesis.

Furthermore, the victim's loss of four front teeth also constituted a "serious and protracted disfigurement," since "a reasonable observer would find her altered appearance distressing or objectionable" (*People v McKinnon*, 15 NY3d 311, 315 [2010]; *see also People v Snyder*, 100 AD3d 1367, 1368 [4th Dept 2012], *lv denied* 21 NY3d 1010 [2013] [disfiguring dental injuries]). The fact that the victim received a removable prosthetic device did not ameliorate the seriousness of her injuries, since whenever she removes the device, the disfigurement will be readily apparent.

We have considered and rejected defendant's remaining arguments. Concur—Sweeny, J.P., Renwick, Feinman and Clark, JJ.