People v Turner (2022 NY Slip Op 04588)

People v Turner

2022 NY Slip Op 04588

Decided on July 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 14, 2022

112045
[*1]The People of the State of New York, Respondent,
v
Paul C. Turner, Appellant.

Calendar Date:June 2, 2022

Before:Garry, P.J., Egan Jr., Lynch, Reynolds Fitzgerald and McShan, JJ.

G. Scott Walling, Slingerlands, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Nicholas S. Line of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Chemung County (Baker, J.), rendered June 3, 2019, upon a verdict convicting defendant of the crime of criminal contempt in the first degree.
Defendant was charged with criminal contempt in the first degree after he allegedly subjected his girlfriend (hereinafter the victim) to physical contact in violation of an order of protection issued on the victim's behalf. Following a jury trial, defendant was convicted as charged and sentenced to a prison term of 1 to 3 years. Defendant appeals.
Defendant argues that the verdict is against the weight of the evidence. As relevant here, a person is guilty of criminal contempt in the first degree when, in knowing violation of an order of protection and "with intent to harass, annoy, threaten or alarm a person for whose protection such order was issued," he or she "strikes, shoves, kicks or otherwise subjects such other person to physical contact" (Penal Law § 215.51 [b] [v]).
At trial, the victim and defendant's niece testified that defendant did not attack the victim; a neighbor testified and described her observations of an altercation between defendant and the victim, and a police officer described his observations when he arrived shortly thereafter. Given the conflicting testimony, a different verdict would not have been unreasonable (see People v Sammeth 190 AD3d 1112, 1115 [2021], lv denied 36 NY3d 1123 [2021]; People v Sindoni, 178 AD3d 1128, 1131 [2019]). Thus, "our weight of the evidence review requires this Court to 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony'" (People v Rice, 162 AD3d 1244, 1245 [2018], lv denied 32 NY3d 940 [2018], quoting People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Hilts, 187 AD3d 1408, 1413 [2020], lvs denied 36 NY3d 973 [2020]).
Defendant asserts that his neighbor's testimony was inconsistent and that the lighting conditions she testified to would not have allowed the neighbor to identify the victim and defendant during the altercation. Although the record indicates that it was dark outside when the incident occurred, the neighbor testified that she had heard and then later saw two figures fighting, describing the physical interaction as "a bigger person over a little person." She testified that she was able to identify the victim and defendant during this altercation based on their voices, and she described the bigger person making repeated downward swinging motions with his arm. The neighbor then went outside to stop the fighting and yelled at them. The victim ran across the street to her, and she observed and described the victim's appearance at that time, immediately after the altercation occurred. Photographs of the victim's injuries were introduced into evidence. A police officer who responded to the scene testified as to his conversations with the victim in the immediate aftermath of the incident [*2]and her request, at that time, that charges be filed against defendant. The officer further testified as to his interactions with defendant immediately thereafter, describing him as belligerent and apparently intoxicated. The order of protection, which had been entered and served upon defendant roughly two weeks before the incident, was entered into evidence.
Defendant's niece offered conflicting testimony on his behalf, describing the victim as the primary assailant through the course of the evening, while defendant's physical actions were limited to defending himself. The niece further testified that she had been engaged in a physical altercation with the victim earlier in the evening, in which she had defensively struck the victim's face, causing the facial bruising and other injuries and breaking her own hand. The victim also testified on behalf of defendant, stating that her injuries had resulted from an earlier altercation with the niece and that defendant had not struck her, although she had repeatedly struck him throughout the course of the night.
We view this conflicting evidence in a neutral light and defer to the jury's credibility assessments. Upon doing so, we find that the verdict is supported by the weight of the evidence, and "the jury was justified in finding . . . defendant guilty beyond a reasonable doubt" (People v Jasiewicz, 162 AD3d 1398, 1399 [2018] [internal quotation marks and citation omitted], lv denied 32 NY3d 1005 [2018]; see People v Crippen, 156 AD3d 946, 951 [2017]; People v Burch, 97 AD3d 987, 989-990 [2012], lv denied 19 NY3d 1101 [2012]; People v Audi, 88 AD3d 1070, 1073 [2011], lv denied 18 NY3d 856 [2011]).
Defendant further argues that he was deprived of the effective assistance of counsel due to defense counsel's failure to object to leading questions asked by the People during the direct examination of the neighbor. "To establish a claim of ineffective assistance of counsel, a defendant is required to come forward with proof that the attorney failed to provide meaningful representation and that there was no strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Garcia, 203 AD3d 1228, 1230 [2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1032 [2022]; see People v Lozano, 203 AD3d 1231, 1232-1233 [2022]). Although defense counsel did not object to the People's questions to the neighbor, defendant has not established a likelihood of success on this basis, nor the absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct (see People v Perkins, 203 AD3d 1337, 1341 [2022], lv denied 38 NY3d 1035 [2022]; People v Houze, 177 AD3d 1184, 1188-1189 [2019], lv denied 34 NY3d 1159 [2020]; People v Robinson, 158 AD3d 1263, 1264 [2018], lv denied 32 NY3d 1067 [2018]; People v Davis, 105 AD3d 1095, 1097-1098 [2013], lv denied 21 NY3d 1003 [2013]). Further, defense counsel prepared opening and closing remarks[*3], engaged in cross-examination of the witnesses and presented witnesses on defendant's behalf; viewing counsel's performance in its totality, we find that defendant received meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]; People v Lozano, 203 AD3d at 1233).
Egan Jr., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.